Argued November 7, affirmed December 13, 1973

RUSSELL, *Respondent, v.* MOUNT HOOD
RAILROAD COMPANY ET AL, *Appellants.*

517 P2d 276

*Alonzo P. Stiner,* Portland, argued the cause for appellants. With him on the briefs were Gary W. Lindberg, and Lovett, Stiner & Fasano, Portland.

*James M. Pippin,* Portland, argued the cause for respondent. With him on the brief were Green, Richardson, Griswold & Murphy, Portland.

HOWELL, J.

This is an action for damages for personal injuries received by plaintiff while working as a section hand for the defendant railroad. The defendants appeal from a verdict and judgment for the plaintiff.

Defendants contend that there was no evidence plaintiff suffered any permanent injury; that the court should have allowed defendants' motion to withdraw from the jury's consideration the plaintiff's allegation that the accident *caused* plaintiff's injury; and that plaintiff should have been required to elect whether the accident caused or aggravated plaintiff's condition.

The accident occurred in January, 1967, when plaintiff was working on a section crew in Hood River County. Plaintiff was bent over, shoveling gravel, when the tail gate of a dump truck fell over, striking him on

the head. The tail gate was described as weighing at least 250 or 300 pounds. Plaintiff was rendered momentarily unconscious and suffered a three-inch laceration on his scalp.

Plaintiff was examined or treated by various physicians from the time of the accident to and including the time of trial. The original diagnosis was a cervical strain and concussion. Later, the range of motion in his neck was reduced to approximately 50 percent.

Plaintiff alleged in his complaint that the accident caused injuries to the bones and muscles of his neck, and that the injuries "either caused an arthritic condition to develop in his spine or aggravated a previously existing, but unknown, arthritic condition."

■■ The trial court properly refused to strike the allegation that plaintiff's injuries were permanent,[1] as there was sufficient evidence of permanency to submit the issue to the jury. Five years after the accident plaintiff was still suffering pain, and the range of motion in his neck had deteriorated to 50 percent. Additionally, one of the physicians who examined plaintiff diagnosed his condition as arthritis of the neck. He could not say whether the arthritic condition pre-existed the accident, but that the injury most likely aggravated an "arthritis that was already there," and that the arthritic condition will become worse with aging, and "once it starts it is with the individual the rest of his days."

Defendants' arguments that there was no evidence that the accident *caused* the plaintiff's condition and that the court erred in refusing to require plaintiff to

---

[1] A permanent injury was defined in Skultety v. Humphreys, 247 Or 450, 431 P2d 278 (1967), as one which will last during the lifetime of the injured person.

elect between causation and aggravation are equally without merit.

There was testimony from Dr. Henderson, who examined plaintiff immediately after the accident and who subsequently treated plaintiff at various times, that the accident caused the present limitation of movement in plaintiff's neck, although it is also true that he stated the accident aggravated some natural degenerative changes in plaintiff's neck which exist because of age.

██ Because of the inability of the plaintiff's physicians to say with certainty whether the accident caused the present arthritic condition and the limitation of motion in plaintiff's neck or whether it aggravated a preexisting arthritic condition, we see nothing improper with an allegation in the alternative. In either case, there was substantial evidence for the jury to find that defendants' negligence caused plaintiff's present condition.

█ The issue is immaterial, however, because the trial court submitted only the matter of aggravation of a preexisting condition to the jury.[2] Under those circumstances, no error could have been committed by the refusal of the court to strike the allegation of causation and the refusal of the court to require plaintiff to elect.

Affirmed.

---

[2] The court instructed the jury:

"In the plaintiff's case, the plaintiff alleges the injury that he sustained as the result of the defendant aggravated the preexisting condition. In determining the amount of damages to be awarded the plaintiff in this case, if any, you will allow him reasonable compensation for the consequences of any such aggravation which you find to have taken place as a result of the defendant's negligence. The recovery should include no damages for any earlier condition but only those which are due to the enhancement or aggravation, if any."